# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| JUSTEN ALAN FAGAN,<br><br>        Petitioner,<br><br>vs.<br><br>JOHN FAYRAM,<br><br>        Respondent. | No. C09-0136-LRR<br><br>ORDER |

This matter is before the court on the petitioner's motion to amend the application for a writ of habeas corpus (docket no. 18). The petitioner filed such motion on February 13, 2012. The respondent filed a resistance (docket no. 19) on the same date. Additionally, the respondent filed a motion to strike (docket no. 20) regarding the petitioner's motion to amend the application for a writ of habeas corpus.

Rather than proceed pro se, the petitioner opted to rely on counsel to present his case. Because he is currently being represented by Phillip B. Mears, the court need not address the petitioner's pro se motion to amend the application for a writ of habeas corpus. *Cf. United States v. Blum*, 65 F.3d 1436, 1443 n.2 (8th Cir. 1995) (noting it is Eighth Circuit policy to refuse to consider pro se filings when a party is represented by counsel (citing *Hoggard v. Purkett*, 29 F.3d 469, 472 (8th Cir. 1994))). Accordingly, the motion to amend the application for a writ of habeas corpus (docket no. 18) is denied without prejudice. If appointed counsel deems it appropriate to have the court address the issues raised by the petitioner, he is directed to resubmit them. The petitioner is directed to refrain from submitting documents to the court because he is represented by counsel. If the petitioner does submit pleadings while being represented, the court will not review them. The clerk's office is directed to send a copy of this order to the petitioner. With

respect to the respondent's motion to strike (docket no. 20), it is denied as moot. Lastly, the court notes that it appears the petitioner no longer desires a stay because he does not want to proceed with the claims that he is currently seeking to litigate in his second post-conviction relief action. Consequently, the petitioner is directed to submit to the court a status report by no later than February 20, 2012. Such status report should indicate whether the petitioner is electing to proceed with just his exhausted claims and whether a briefing schedule should be established. Additionally, the petitioner should disclose the ground(s) on which the Iowa District Court disposed of his motion to dismiss. If it is now appropriate to dismiss without prejudice the pending application for a writ of habeas corpus, appointed counsel should make that point clear.

**IT IS SO ORDERED**.

**DATED** this 14th day of February, 2012.

_____
LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA