# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| JUSTEN ALAN FAGAN,<br><br>    Petitioner,<br><br>vs.<br><br>JOHN FAYRAM,<br><br>    Respondent. | No. C09-0136-LRR<br><br>ORDER |

This matter is before the court on the petitioner's status report (docket no. 22). The petitioner filed such report on February 20, 2012.

When he filed his motion to stay proceedings, the petitioner implicitly acknowledged that he presented a "mixed" petition for a writ of habeas corpus. He stated that he had already filed a second post-conviction relief action in the Iowa District Court because he wanted additional documents to be considered with respect to his previous claim that counsel provided ineffective assistance when providing advice about a plea bargain and he asked for a stay "at least until after a ruling on [the State's pending motion to dismiss]."[1] Additionally, the petitioner correctly observed that his second post-conviction relief action would not toll the applicable statute of limitations if the Iowa District Court determined it to be untimely. *See Walker v. Norris*, 436 F.3d 1026, (8th Cir. 2006) (making clear that, when a application for post-conviction relief is untimely under state law, it is not "properly filed" for purposes of 28 U.S.C. § 2244(d)(2)); *Beery v. Ault*, 312 F.3d 948, 950-51 (8th Cir. 2002) (explaining that a "properly filed"

---

[1] When requesting relief, the petitioner asked the court to impose a requirement that he file a status report within 30 days of any dismissal of his post-conviction relief action.

application is one that meets all of the state's procedural requirements). Lastly, the petitioner asserted that the respondent did not object to the proceedings being stayed. In response, the court relied on *Rhines v. Weber*, 544 U.S. 269, 125 S. Ct. 1528, 161 L. Ed. 2d 440 (2005), and stayed the petitioner's action until the Iowa District Court resolved his pending post-conviction relief action. It also directed the petitioner to submit a status report every 120 days and to inform the court within 10 days of the Iowa District Court's resolution of his post-conviction relief action.

On April 12, 2010, the petitioner filed a status report that indicated the Iowa District Court had not yet resolved the State's pending motion to dismiss. On April 13, 2010, the court instructed the petitioner to file a status report within 10 days of the Iowa District Court's resolution of his post-conviction action or, if not resolved by August 12, 2010, then on or before such date. On February 23, 2011, the petitioner untimely filed a status report. In such report, the petitioner disclosed that the Iowa District Court dismissed his post-conviction relief action on April 21, 2010 or shortly after the court entered its April 13, 2010 order. He, however, did not make clear on what basis the Iowa District Court dismissed his post-conviction relief action. And, he asked the court to direct him to file a status report after the Iowa courts resolved his appeal.

In an order dated February 14, 2012, the court noted that it appeared as if the petitioner no longer desired a stay and, consequently, directed the petitioner to submit a status report. With respect to such report, the court, among other things, instructed the petitioner to inform the court how the Iowa District Court resolved his post-conviction relief action. In his February 20, 2012 status report, the petitioner indicated that he wants the stay to remain in place because he is still seeking appellate relief with respect to his second post-conviction relief action. He also disclosed that, on April 21, 2010, the Iowa District Court dismissed as untimely his second post-conviction relief action and that, in 2008, he challenged his sentence on the ground that it violated the Interstate Agreement

on Detainers. And, he made clear that he would like the opportunity to amend his petition for a writ of habeas corpus.

In a "mixed" petition for habeas corpus relief or where a petitioner presents a federal court with a petition containing some claims that have been exhausted in state court and others that have not been exhausted, a stay and abeyance may be granted in limited circumstances. *Rhines*, 544 U.S. at 271-77. In *Rhines*, the United States Supreme Court explained:

> Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless.

*Id*. at 277; *see also Akins v. Kenney*, 410 F.3d 451, 455 (8th Cir. 2005) (following *Rhines* and providing the same). *Rhines* further provided:

> On the other hand, it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics. In such circumstances, the district court should stay, rather than dismiss, the mixed petition.

*Rhines*, 544 U.S. at 278 (citation omitted). So, under *Rhines*, a court must consider whether the petitioner established good cause for his or her failure to exhaust the claims in state court, whether the petitioner's claims are plainly meritless and whether the petitioner is engaging in abusive litigation tactics or intentional delay. *See Howard v. Norris*, 616 F.3d 799, 802 (8th Cir. 2010). And, if "the court determines that stay and abeyance is inappropriate, the court should allow the petitioner to delete the unexhausted claims and to proceed with the exhausted claims if dismissal of the entire petition would

3

unreasonably impair the petitioner's right to obtain federal relief." *Rhines*, 544 U.S. at 278.

"When a state court remedy is available for a state prisoner's unexhausted claim, the federal habeas court must defer action until the claim is exhausted, either by dismissing the federal petition without prejudice or by using the 'stay and abeyance' procedure described in" *Rhines*. *Armstrong v. Iowa*, 418 F.3d 924, 926 (8th Cir. 2005). However, when a petitioner has not exhausted his state court remedies for some particular claim and state procedural rules preclude any further attempts to satisfy the exhaustion requirement as to that claim, then the claim is not truly "unexhausted," but rather, it has been "procedurally defaulted." *See Coleman v. Thompson*, 501 U.S. 722, 750, 111 S. Ct. 2546, 115 L. Ed. 2d 640 (1991). In other words, if there is still a state court remedy available, a previously unraised habeas claim is "unexhausted," but if there is no state court remedy still available, then the claim is "procedurally defaulted." *See Armstrong*, 418 F.3d at 926. A claim that has been procedurally defaulted will not be entertained in a federal habeas corpus proceeding unless the petitioner has shown "cause and prejudice" to excuse his procedural default or, in the alternative, that there would be a "fundamental miscarriage of justice" if the federal court declined to consider the claim. *Coleman*, 501 U.S. at 750; *see also Interiano v. Dormire*, 471 F.3d 854, 856 (8th Cir. 2006).

Here, a stay should never have been granted by the court. When a petitioner fails to adequately or properly present his claims to the state courts, the court must consider whether Iowa law prevents the petitioner from raising his claims in state court. *See Wemark v. Iowa*, 322 F.3d 1018, 1022 (8th Cir. 2003).

> Iowa law requires post-conviction applicants to raise all available grounds for relief in their original, supplemental, or amended applications. Iowa Code § 822.8 (1994). "Any ground . . . not raised . . . may not be the basis for a subsequent application" unless the court finds "sufficient reason" to justify omission. *Id*.

*Id*. In addition, a three-year statute of limitations applies to individuals who seek to file an application for post-conviction relief. *Id*. at n.3 (citing Iowa Code § 822.3 (1994)). Given the law, the court should have concluded that the three-year statute of limitations under Iowa Code section 822.3[2] and the "sufficient reason" requirement under Iowa Code section 822.8 prevent the petitioner from asserting his claim in a subsequent post-conviction relief action. *See, e.g., Armstrong*, 418 F.3d at 926; *Wyldes v. Hundley*, 69 F.3d 247, 252-53 (8th Cir. 1995). Nevertheless, rather than deny a stay, the court permitted the petitioner to litigate his second post-conviction action because he commenced such action prior to commencing this action and because he only sought a stay until the Iowa District Court resolved the State's motion to dismiss. Instead of informing the court when the Iowa District Court resolved his post-conviction relief action as the court directed him to do in its orders, the petitioner deemed it appropriate to pursue through the appellate process his procedurally defaulted claim. Because the law contemplates a stay when there is an available remedy in the state court, *see Rhines*, 544 U.S. at 277, and because the petitioner ignored the court's repeated directives, the court concludes that the petitioner's request to continue the stay is not warranted.

Based on the foregoing, the stay is lifted. Given the procedural history of this case, the court concludes that it is appropriate to expedite the briefing in this matter. The

---

[2] Iowa Code section 822.3 provides that "[a] proceeding is commenced by filing an application verified by the applicant with the clerk of the district court in which the conviction or sentence took place," and "must be filed within three years from the date the conviction or decision is final or, in the event of an appeal, from the date the writ of procedendo is issued." Iowa Code § 822.3. "However, this limitation does not apply to a ground of fact or law that could not have been raised within the applicable time period." *Id.*; *see also Harrington v. State*, 659 N.W.2d 509 (Iowa 2003) (discussing Iowa Code section 822.3 and making clear that an applicant relying on such section must show the alleged ground of fact could not have been raised earlier); *Dible v. State*, 557 N.W.2d 881, 884 (Iowa 1996) (requiring a nexus between the alleged ground of fact and the conviction that the applicant seeks to set aside), *abrogated on other grounds by Harrington*, 659 N.W.2d 509.

5

respondent previously filed a notice that indicates he submitted to the court all of the relevant documents that are part of the underlying action(s) relating to the petitioner's conviction. Those documents include, but are not limited to, the transcripts, the briefs of the parties and the opinions and dispositive orders of the state appellate courts. If there are any additional documents that are relevant to this case, the respondent is directed to promptly supplement the record. Lastly, the court establishes the following schedule for submission of this case on the merits:

1. The petitioner is directed to file by no later than April 23, 2012 a brief that utilizes the legal standards and rules which govern actions filed under 28 U.S.C. § 2254 and an appendix that is consecutively paginated and contains a table of contents. The petitioner's brief must appropriately cite to relevant portions of his appendix, that is, refer to specific page(s) of documents that directly relate to his claims.

2. The respondent is directed to file by no later than May 23, 2012 a response brief that utilizes the legal standards and rules which govern actions filed under 28 U.S.C. § 2254 and an appendix that is consecutively paginated and contains a table of contents. The respondent's brief must appropriately cite to relevant portions of his appendix, that is, refer to the page(s) of documents that support his contentions.

3. The petitioner is directed to file a reply brief, if any, by June 6, 2012.

No extensions of the deadlines set forth above will be granted.

In their briefs, the parties must address: (1) whether the highest state court had a full and fair opportunity to consider each claim, (2) whether the petitioner's claims are now procedurally barred under state law and (3) whether the petitioner can demonstrate cause and prejudice for any procedurally defaulted claim. Any exhaustion analysis must comport with the law that pertains to 28 U.S.C. § 2254(b). Notwithstanding any failure of the petitioner to exhaust the remedies that were available to him, the parties should address the

merits of the petitioner's claims. When addressing the merits of the claims, the parties should consider whether the court is bound to apply the highly deferential standard set forth in 28 U.S.C. § 2254(d) or whether the court is required to conduct a de novo review because the petitioner's claims were not adjudicated on the merits. *See e.g., Pfau v. Ault*, 409 F.3d 933, 938-39 (8th Cir. 2005). Additionally, the parties should keep in mind that state court factual determinations are presumed to be correct, unless the petitioner "rebut[s] the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

**IT IS SO ORDERED**.

**DATED** this 22nd day of March, 2012.

LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA